**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BENANTI,<br><br>    Plaintiff,<br><br>    v.<br><br>MATEVOUSIAN,<br><br>    Defendants. | Case No. 1:17-cv-01556-SAB (PC)<br><br>ORDER DIRECTING OFFICE OF THE CLERK TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S EMERGENCY MOTION, REQUEST FOR PHONE PRIVILEGES AND MOTION TO AMEND<br><br>[ECF Nos. 7, 8, 9] |

    Plaintiff Michael Benanti is appearing pro se in this civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the instant action on November 6, 2017, in the United States District Court for the Eastern District of California, Sacramento Division. On November 21, 2017, the action was transferred to this Court.

    On November 27, 2017, the Court directed Plaintiff to pay the $400.00 filing fee or submit an application to proceed in forma pauperis within forty-five days, i.e. January 11, 2018. To date, Plaintiff has not paid the $400.00 filing fee or submitted an application to proceed in forma pauperis. However, on November 27, 2017, Plaintiff filed an emergency motion requesting medical issues. (ECF No. 7.) Then, on December 8, 2017, Plaintiff filed a motion to amend and a motion requesting phone privileges. (ECF Nos. 8, 9.) The Court will address each motion separately. However, Plaintiff is cautioned that a civil action may not proceed absent the submission of either the filing fee

1

or a completed application to proceed in forma pauperis, and the failure to comply with such requirement will result in dismissal of the action. 28 U.S.C. §§ 1914, 1915.

## I.

## DISCUSSION

### A. Motion for Emergency Relief and Request for Phone Privileges

In his November 27, 2017 motion, Plaintiff requests that he be provided medications and treatment. Plaintiff contends that he has longstanding digestive and respiratory conditions, and he has been denied medical attention since his arrival at the United States Penitentiary in Atwater, California in late August 2017. Plaintiff also requests the Court issue an order to provide weekly commissary during the lockdown, reinstate the book purchasing policy, and restrict the financial responsibility program. In his December 8, 2017 motion, Plaintiff requests an order to restore his phone privileges.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to

the viable legal claims upon which this action is proceeding. <u>Summers</u>, 555 U.S. at 491–93; <u>Mayfield</u>, 599 F.3d at 969.

In this instance, Plaintiff has yet to pay the $400.00 filing fee or submit an application to proceed in forma pauperis. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A, and the Court cannot screen Plaintiff's complaint unless and until Plaintiff pays the filing fee or submits a complete application to proceed in forma pauperis. Therefore, the Court cannot make a determination of whether Plaintiff is likely to proceed on the merits. Furthermore, no Defendant has yet appeared in this action, and the Court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. <u>Zepeda v. United States Immigration & Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, Plaintiff's requests for injunctive relief should be denied.

### B. Motion to Amend

Plaintiff has filed a motion seeking leave to amend the complaint. However, at this stage in the proceedings, Plaintiff has the right to amend once as a matter of course. Fed. R. Civ. P. 15(a). Accordingly, Plaintiff's motion to amend should be denied as unnecessary, and Plaintiff may file an amended complaint without leave of court.

### C. Motion for Appointment of Counsel

There is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

///

///

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. A cursory review of Plaintiff's complaint demonstrates that he has set forth his allegations in the complaint. Rand, 113 F.3d at 1525. Accordingly, Plaintiff motion for appointment of counsel should be DENIED, without prejudice.

II.

**ORDER AND RECOMMENDATIONS**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for emergency relief (ECF No. 7) and request for phone privileges (ECF No. 9) be denied;

2. Plaintiff's motion to amend be denied as unnecessary; and

3. Plaintiff's motion for appointment of counsel be denied, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 14, 2017**__

UNITED STATES MAGISTRATE JUDGE