**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BENANTI,<br><br>        Plaintiff,<br><br>    v.<br><br>MATEVOUSIAN, et.al.,<br><br>        Defendants. | Case No. 1:17-cv-01556-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 23] |

    Plaintiff Michael Benanti is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    Currently before the Court is Defendants' motion for summary judgment, filed June 5, 2018.

**I.**

**RELEVANT HISTORY**

    This action is proceeding against Defendants D. Alitary, C. Castenada and Dr. Thomas Moore for deliberate indifference to a serious medical need by failing to provide a prescription for an acid-reflux medication.

As previously stated, on June 5, 2018, Defendants filed an exhaustion related motion for summary judgment. Plaintiff filed an opposition on July 27, 2018, and Defendants filed a reply on August 3, 2018. On August 22, 2018, Plaintiff filed a surreply.[1]

## II.

## DISCUSSION

### A. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

---

[1] The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. The Court did not grant Plaintiff leave to file a surreply and does not desire any further briefing on the motion. Accordingly, Plaintiff's surreply should be stricken from the record. See Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)); U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

As set forth above, the defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**C.     Summary of Federal Bureau of Prisons Grievance Process**

The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek redress of a complaint in relation to any aspect of his imprisonment. See 28 C.F.R. §§ 542.10(a). The inmate must first ordinarily seek to resolve the issue informally with prison staff using a BP-8 form. 28 C.F.R. 542.13(a); Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010). If the complaint cannot be resolved informally, the inmate must present a formal

administrative remedy request at the institution of confinement using a BP-9 form. 28 C.F.R. § 542.14(a); Nunez, 591 F.3d at 1219. The BP-9 must be submitted within 20 calendar days following the date of the date the grievance occurred, unless the prisoner can provide a valid reason for delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219.

If the BP-9 request is denied by the warden and the prisoner is not satisfied, he must then file an appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219. The BP-10 must be submitted within 30 calendar days of the date the warden responded to the BP-9, unless the prisoner provides a valid reason for the delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

If the prisoner is dissatisfied with the Regional Director's response, the last step is to submit an appeal to the BOP General Counsel using a BP-11 form. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219-1220. The BP-11 must be submitted within 30 calendar days of the date of the Regional Director's response to the BP-10, with the same exception of a valid reason for the delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

The records of the administrative remedies filed by BOP inmates is maintained on the SENTRY computer system, a national database that includes all administrative remedies filings made by inmates incarcerated in BOP facilities. (Declaration of Jose Castenada Correa ("Correa Decl."), ¶ 7, ECF No. 23-2.) BOP assigns a unique number to each administrative remedy it receives. Id. ¶ 4. This number consists of six digits, followed by a suffix, -F1, -R1, or –A1, which identifies the administrative remedy as a BP-9, BP-10, or BP-11, respectively. Id.

**D.  Undisputed Facts**

1.  Plaintiff submitted a BP-8 seeking informal resolution of his claim for acid reflux medication on October 4, 2017. (Compl. at 3, ECF No. 1.)

2.  BOP responded to Plaintiff's BP-8 seeking informal resolution of his claim for acid reflux medication on October 11, 2017. (Id. at 4.)

3.  Plaintiff submitted a BP-9 directly to the Regional Office complaining of his need for acid reflux medication on October 11, 2017. (Correa Decl., Ex. 3.)

4. BOP's Regional Office rejected Plaintiff's BP-9 as improperly sent to the Regional Office on October 24, 2017. Plaintiff was instructed to "file [his] request or appeal at the appropriately level via regular procedures." (Correa Decl., Ex. 3.)

5. Plaintiff did not submit any additional grievances through the BOP administrative remedy process after October 11, 2017. (Correa Decl. ¶ 11.)

6. Plaintiff was prescribed Omeprazole on October 27, 2017. (Declaration of Jennifer Vickers, Ex. B, ECF No. 23-3.)

7. Plaintiff filed this lawsuit on November 6, 2017. (ECF No. 1.)

**E.     Defendants' Motion for Summary Judgment**

Defendants argue Plaintiff failed to exhaust the administrative remedies because although he initiated the BOP administrative remedy process by submitting a BP-9, he abandoned the process after obtaining the prescription that he requested.

In opposition, Plaintiff argues that he should be excused from exhausting the administrative remedies. In response, Defendants argue that Plaintiff has not presented sufficient evidence to support his argument that exhaustion should be excused in this instance.

The PLRA, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __, 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.' "). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. at 739). In Ross, the Supreme Court reaffirmed that courts are not to create circumstances in which an inmate need not exhaust administrative remedies. Ross v. Blake, 136 S. Ct. at 1862. "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are "available." Id.

"An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir.

2010); see also Brown v. Valoff, 422 F.3d at 936-37 (9th Cir. 2005) (as there can be no absence of exhaustion unless some relief remains available, movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting results of relief already granted as a result of that process). Therefore, the question is whether there were available remedies which would require Plaintiff to further exhaust the administrative process prior to bringing suit.

In this instance, it is undisputed that Plaintiff was granted the relief he requested as he was prescribed Omeprazole on October 27, 2017, just four days after his BP-9 grievance was rejected. Defendants acknowledge that "[t]he only plausible explanation for [Plaintiff's] failure to pursue the administrative remedy procedure is that his grievance was 'resolved' on October 27, 2017, when he received the prescription for free Omerprazole." (Mot. at 6:18-20.) Defendants argue, however, that the administrative remedy process was available to Plaintiff and there is no excuse for his failure to fully comply with such procedure.

The Court finds that Plaintiff's prescription for Omeprazole and placement in the chronic care on October 27, 2017 effectively amounted to a grant of relief such that further administrative remedies need not have been pursued because there was no other relief that could be granted and Defendants do not argue otherwise. It is true and undisputed that Plaintiff's sensitive BP-9 grievance was rejected on October 24, 2017, with instructions to re-file a request at the appropriate level via the regular procedures. However, it is unreasonable to find that such action would have served any purpose after he was granted all the relief he requested on October 27, 2017. Indeed, in Ross, the Supreme Court determined that "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Ross v. Blake, 136 S.Ct. at 1859. Accordingly, the Court finds that Defendants have not met their burden of demonstrating that Plaintiff was required to further exhaust the administrative process. Brown v. Valoff, 422 F.3d at 935. Accordingly, Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies should be denied.

///

## III.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust the administrative remedies be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 22, 2018**

UNITED STATES MAGISTRATE JUDGE