# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI,<br><br>    Plaintiff,<br><br>v.<br><br>MATEVOUSIAN, et.al.,<br><br>    Defendants. | Case No. 1:17-cv-01556-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE<br><br>[ECF No. 42] |

Plaintiff Michael Benanti is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's motion for summary judgment, filed January 22, 2019. Because Plaintiff's motion is procedurally defective, the Court does not need a response from Defendants prior to issuance of the instant Findings and Recommendation.

**I.**

**DISCUSSION**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including

1

but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). Plaintiff moves for summary judgment on his claim of deliberate indifference.

Plaintiff's motion for summary judgment is defective in that Plaintiff fails to cite or reference any evidence but simply asserts brief factual allegations he contends are undisputed. (ECF No. 42.) Local Rule 260 specifically provides that every motion for summary judgment shall be accompanied by a Statement of Undisputed Facts that shall "enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Local Rule 260(a); Fed. R. Civ. P. 56(c). Plaintiff's summary judgment motion is nothing more than a recitation that he is entitled to the relief set forth in the complaint. The parties bear the burden of supporting their motion and opposition with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record they wish the Court to consider. Fed. R. Civ. P. 56(c); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 386 (9th Cir. 2010); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Carmen v. San Francisco Unified School Dist., 237 F.3d at 1031. Thus, Plaintiff, as the moving party, has failed to produce evidence to meet his initial burden of proof, and the burden therefore has not shifted to Defendants. To the extent Plaintiff moves for entry of default, it must be denied. Defendants have answered the complaint, and Plaintiff has failed to produce evidence to support a finding that he is entitled to entry of default. Accordingly, Plaintiff's motion for summary judgment must be denied.

///

///

## II.

## RECOMMENDATION

Based on the foregoing, Plaintiff's motion for summary judgment, filed on January 22, 2019, should be denied in its entirety.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2019**

UNITED STATES MAGISTRATE JUDGE