UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI,<br><br>    Plaintiff,<br><br>v.<br><br>MATEVOUSIAN,<br><br>    Defendants. | Case No. 1:17-cv-01556-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO AMEND BE DENIED, WITHOUT PREJUDICE<br><br>[ECF No. 51] |

Plaintiff Michael Benanti is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 15, 2019, Plaintiff filed a motion to amend the complaint. Defendants did not file an opposition or statement of non-opposition, and the time to do so has expired.[1] Local Rule 230(l).

///

///

///

---

[1] "A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Local Rule 230(l).

1

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Plaintiff seeks to amend the complaint to: (1) clarify the initial complaint; (2) add a new incident directly related to the second offense by Altar who refused to re-fill the acid reflux medication; and (3) "possibly add a third occasion presently occurring where I am being denied medical care." (Mot. at 1; ECF No. 51.) Local Rule 137(c) requires that all motions for leave to amend be accompanied by the proposed amended complaint. Plaintiff's motion does not include a proposed amended complaint, and without a copy of the proposed amendment the Court cannot review Plaintiff's claims to determine whether to grant his motion. See Hicks v. Hamkar, Case No. 2:13-cv-1687 DAD P, 2015 WL 1393229, at *6 (E.D. Cal. 2015); see also Waters v. Weyerhaeuser Lanier v.

2

Fresno Unified Sch. Dist., Case No. 1:09-cv-01779-AWI-BAM, 2013 WL 3892953, at *1 (E.D. Cal. July 26, 2013) ("The Court has discretion to deny a motion to amend for the failure to attach a proposed pleading as required by local rule.") (citing Waters v. Weyerhaeuser Mortgage Co., 582 F.2d 503, 507 (9th Cir. 1978). Further, the Court does not find good cause to grant Plaintiff an extension of time to exhaust any applicable administrative remedies with respect to any future amendment.[2]

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint is denied, without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 15, 2019__

UNITED STATES MAGISTRATE JUDGE

---

[2] An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). However, if an amended complaint is filed, a prisoner satisfies the exhaustion requirement as long as he exhausted his administrative remedies prior to its filing. See Rhodes v. Robinson, 621 F.3d 1002, 1006 (9th Cir. 2010) (amended complaint raised new claims which arose after the original complaint was filed); Cano v. Taylor, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (amended complaint raised new claims which arise prior to the filing of the initial complaint).

3