**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BENANTI,<br><br>    Plaintiff,<br><br>    v.<br><br>MATEVOUSIAN,<br><br>    Defendants. | Case No. 1:17-cv-01556-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 54] |

Plaintiff Michael Benanti is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's motion for reconsideration, filed May 2, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants D. Alitary, C. Castenada and Dr. Thomas Moore for deliberate indifference to a serious medical need by failing to provide a prescription for an acid-reflux medication.

On October 11, 2018, Defendants filed an answer to the complaint. On October 16, 2018, the Court issued the discovery and scheduling order.

1

On March 14, 2019, Plaintiff filed a motion to compel production of a video recording. On April 15, 2019, Defendants filed a response to Plaintiff's motion. On April 17, 2019, the Magistrate Judge denied Plaintiff's motion to compel because Defendants submitted, under penalty of perjury, that after a diligent inquiry there is no responsive video.

As previously stated, on May 2, 2019, Plaintiff filed a motion for reconsideration of the Magistrate Judge's April 17, 2019, order. Defendants filed an opposition on May 29, 2019, and Plaintiff did not file a reply. Local Rule 230(l).

## II.

## DISCUSSION

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986).

Federal Rule of Civil Procedure 72(a) provides that nondispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. See also Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); see also 28 U.S.C. § 636(b)(1)(A). Discovery motions are nondispostive pretrial motions which fall under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and the orders resolving such motions are subject to the "clearly erroneous or contrary to law" standard of review. Rockwell Inter., Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324, 1325 (9th Cir. 1983).

The magistrate judge's factual determinations are reviewed for clear error and the legal conclusions are reviewed to determine if they are contrary to the law. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir. 1984), overruled on other grounds in Estate of Merchant v. CIR, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." Martin v. Loadholt, No. 1:10-cv-00156-LJO-MJS,

2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citing Morgal v. Maricopa County Bd. of Sup'rs, 284 F.R.D. 452, 459 (D. Ariz. 2012)). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997).

In denying Plaintiff's motion to compel, the Court noted that Defendants timely responded to Plaintiff's request for production without qualification or objections. Defense counsel declared under penalty of perjury that after a diligent inquiry there is no responsive video, and Plaintiff submitted no evidence to the contrary. Therefore, Defendants could not be compelled to produce a video that does not exist. Fed. R. Civ. P. 34(a)(1).

Plaintiff continues to argue that Defendants failed to provide an adequate response to his request for production of the video from October 6 to October 27, 2017. Defendants submit that no responsive video exists. More specifically, Defendants submit "[t]hrough counsel, BOP was asked to produce the video described and were informed that a diligent search was made and that there is no preserved video footage fitting the description. There was no timely request to retain any specific video by Benanti ('The Plaintiff did not learn of the specific date of Oct 16, 2017 as the date interviews occurred until after he requested production of the video.')." (Defs.' Opp'n at 2:15-19.) Because Defendants have responded that no video exists, and Plaintiff has failed to produce any credible evidence that Defendants are actually in possession of the video or intentionally destroyed it, Plaintiff's motion for reconsideration shall be denied.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 2, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **June 19, 2019**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3