# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI,<br><br>  Plaintiff,<br><br>  v.<br><br>MATEVOUSIAN,<br><br>  Defendants. | Case No. 1:17-cv-01556-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED<br><br>[ECF No. 82] |

Plaintiff Michael Benanti is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On December 2, 2019, Plaintiff filed a motion to amend the complaint, along with a proposed third amended complaint. (ECF Nos. 82, 83.) Defendants filed an opposition on December 20, 2019. (ECF No. 86.) Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

Plaintiff seeks to file a third amended complaint under Rule 15, claiming the amendment "clarifies the issues, narrows the time frames and adds other defendants." (ECF No. 82 at p. 2.)

///

///

///

1

# I.

# DISCUSSION

Both Federal Rules of Civil Procedure 15 and 16 govern leave to amend in this instance. Rule 16(b) govern the issuance and modification of pretrial scheduling orders while Rule 15(a) govern amendment of pleadings. Both rules will be discussed below.

### A.     Federal Rule of Civil Procedure 16

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

 "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

In order to demonstrate diligence, Plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Johnson, 975 F.2d at 608.

"[C]arelessness not compatible with a finding of diligence and offers no reason for a grant of relief." Id. at 609. The district court is given broad discretion under Rule 16. Id. at 607.

Plaintiff did not act diligently. According to Plaintiff, the relevant facts in the complaint took place "from October 6, 2017 to October 27, 2017." (ECF No. 81.) This case was filed two years ago on November 6, 2017. (ECF No. 1.) On December 19, 2017, the Court screened the complaint and granted Plaintiff leave to file an amended complaint. (ECF No. 13.) Plaintiff filed an amended complaint on January 19, 2018. (ECF No. 14.) The Court thereafter ordered serve on January 24, 2018. (ECF No. 15.) After filing an exhaustion-related motion for summary judgment which was denied, Defendants answered the complaint on October 11, 2018. (ECF Nos. 23, 36, 38, 39, 30.)

On October 16, 2018, the Court issued the discovery and scheduling order, and the deadline to amend the pleadings expired on April 16, 2019. (ECF No. 41.) Therefore, Plaintiff's ability to amend the complaint is governed by Rule 16(b). Plaintiff previously amended his complaint on January 19, 2018. (ECF No. 14.) Plaintiff also filed a motion to amend the complaint on April 15, 2019, which was denied. (ECF Nos. 51, 66.) Plaintiff did not raise the issue of amendment again until it was raised as part of his opposition to Defendants' motion for summary judgment. (ECF Nos. 83, 84.) On December 17, 2019, the Court issued Findings and Recommendations to grant Defendants' motion for summary judgment. (ECF No. 85.)

Plaintiff did not act diligently in seeking to amend and file a third amended complaint. Plaintiff waited until well after the deadline to amend expired by seeking to amend in response to Defendants' motion for summary judgment. The scheduling order specifically warned, "A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause." (ECF No. 41.) Because Plaintiff did not act with due diligence and fails to set forth good cause to allow amendment, at this juncture, Plaintiff's motion must be denied.

Even if Plaintiff met the due diligence standard under Rule 16(b), Plaintiff's motion to amend must be denied under Rule 15.

///

///

3

**B.** **Federal Rule of Civil Procedure 15**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

1. Prior Amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleadings. Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990). In addition, the most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Allowing Plaintiff to file a third amended complaint at this juncture would cause prejudice to Defendants as he has already filed a motion for summary judgment and Findings and Recommendations recommending the motion be granted have been issued. answer to the complaint and a scheduling order has been issued. Plaintiff was previously granted leave to amend, and the operative first amended complaint alleges a cruel and unusual violation under the Eighth Amendment because he had to wait twenty-three days to be prescribed free acid reflux medication. (ECF No. 14.) Plaintiff has previously sought to further amend the complaint which was denied. (ECF Nos. 51, 66.) claims only against Defendant Aguirre. (ECF Nos. 15, 17, 23, 24.) Accordingly, this factor weighs against granting Plaintiff leave to amend.

///

### 2. Bad Faith

"A finding of good faith must have at least prima facie showing of a possibility of the amender's ability to establish factual support for the new matters sought to be pleaded. There must also be a showing that the amendment is not sought as a dilatory measure and that the defendant will not be prejudiced."

Although Defendants argue that Plaintiff moves to amend the complaint for the purpose of hindering or delaying summary judgment, there is an insufficient basis to find that Plaintiff acted in "bad faith." Therefore, this factor does not weigh against amendment.

### 3. Undue Delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981). In evaluating undue delay, the court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990).

The undue delay analysis is similar to the due diligence analysis set forth above under Rule 16(b). The facts in the proposed amended complaint were known, or should have been known, to Plaintiff after discovery which closed on June 16, 2019. See, e.g., Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (finding motion for leave to file amended complaint properly denied as untimely as it relied on information discovered much earlier). Furthermore, Plaintiff did previously attempt to amend the complaint, which was denied. Accordingly, this factor weighs against granting Plaintiff leave to amend.

### 4. Futile

In determining futility, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment of the pleadings which would constitute a valid and sufficient claim or defense, leave

should be denied." Baker v. Pac. Far E. Lines, Inc., 451 F.Supp. 84, 89 (N.D. Cal. 1978) (citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

The Court has issued Findings and Recommendations recommending Defendants' motion for summary judgment be granted. (ECF No. 85.) The Court found that even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, no reasonable juror could find that the Defendants acted with deliberate indifference to his serious medical needs. (Id.) Accordingly, the evidence presented in the Defendants' motion for summary judgment demonstrates that amendment is futile. Accordingly, this factor weighs against granting Plaintiff leave to amend.

5. Prejudice to Defendants

The Ninth Circuit has determined "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999) (internal citation omitted). Plaintiff's proposed amendment has been unreasonably delayed and would cause further undue delay and prejudice to Defendants. Such confluence of undue delay and prejudice to Defendants is further highlighted by the fact that on August 26, 2019, Defendants filed a motion for summary judgment for which Findings and Recommendations have been issued. (ECF Nos. 68, 85.) Accordingly, this factor weighs against granting Plaintiff leave to amend.

**II.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint filed on December 2, 2019 (ECF No. 82), be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 6, 2020**

_____
UNITED STATES MAGISTRATE JUDGE