**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MICHAEL BENANTI,

        Plaintiff,

    v.

MATEVOUSIAN,

        Defendants.

Case No. 1:17-cv-01556-LJO-SAB (PC)

ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF EXPERT WITNESS, INVESTIGATOR, AND THIRD MOTION FOR APPOINTMENT OF COUNSEL

[ECF No. 89]

Plaintiff Michael Benanti is appearing pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's request for appointment of an expert witness, investigator, and third request for appointment of counsel, filed January 6, 2020. The Court deems Plaintiff's motion suitable for review without an opposition.

**I.**

**DISCUSSION**

**A.    Appointment of Expert Witness**

Federal Rule of Evidence 706(a) permits a "district court to apportion all the cost [of an expert witness] to one side" in an appropriate case, as when[] one of the parties in an action is indigent" and "the expert would significantly help the court." <u>McKinney v. Anderson</u>, 924 F.2d 1500, 1511 (9th Cir.

1991), vacated on other grounds sub nom. <u>Helling v. McKinney</u>, 502 U.S. 903 (1991), judgment reinstated, 959 F.2d 853 (9th Cir. 1991), aff'd, 509 U.S. 25 (1993).   An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue.  Fed. R. Evid. 702.  Under Rule 706(a) of the Federal Rules of Evidence, the Court has discretion to appoint a neutral expert on its own motion or on the motion of a party.  Fed. R. Evid. 706(a); <u>Walker v. Am. Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071 (9th Cir. 1999).  Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff.  <u>See</u> <u>Gamez v. Gonzalez</u>, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010).  Indeed, appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice."  <u>In re JoinT E. & S. Dists. Asbestos Litig.</u>, 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

The appointment of an independent expert is to assist the trier of fact, not a particular litigant. The Court may not appoint an expert witness to advocate for Plaintiff at trial.  Plaintiff fails to provide a valid basis to require the appointment of a neutral expert witness to assist the Court and/or a jury. Indeed, the Court was able to resolve Defendants' motion for summary judgment without expert testimony as Plaintiff's claim of deliberate indifference was not so complex as to require an expert witness to present or prove the case.  <u>See, e.g.</u>, <u>Noble v. Adams</u>, No. 1:03-cv-05407-AWI-SMS (PC), 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because the "issues are not so complex as to require the testimony of an expert").   Accordingly, Plaintiff's motion for an appointment of an expert witness are denied.

## B.     Appointment of Investigator

Plaintiff has not shown that expenditure of public funds to appoint him an investigator is proper.  <u>See</u> <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds on behalf of an indigent is proper only when authorized by Congress."  (citation omitted)); <u>Graves-Bey v. Hedgepeth</u>, No. 1:08-cv-01718-LJO-GSA (PC), 2009 WL 3789162, at *1 (E.D. Cal. Nov. 10, 2009) (denying plaintiff's motion for appointment of an investigator).

## C.     Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand v. Rowland, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint.  In addition, the Court finds that Plaintiff is not likely to succeed on the merits, as Findings and Recommendations are pending to grant Defendants' motion for summary judgment.  (ECF No. 85.)  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  In the present case, the Court does not find the required exceptional circumstances.  Accordingly, Plaintiff's third motion for the appointment of counsel is HEREBY DENIED, without prejudice.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for appointment of expert witness, investigator, and counsel is DENIED.

IT IS SO ORDERED.

Dated: __**January 7, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE