UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI,<br><br>        Plaintiff,<br><br>    v.<br><br>MATEVOUSIAN, *et al.*,<br><br>        Defendants. | No. 1:17-cv-01556-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 95) |

Plaintiff Michael Benanti brought this 42 U.S.C. § 1983 action *pro se* for the "callous indifference" in medical care he was receiving as an inmate in the U.S. Penitentiary at Atwater, California. (Doc. Nos. 1 (Complaint); 14 (First Amended Complaint) at 2-5.) On January 28, 2020, this *Bivens* action was dismissed and judgment was entered. (Doc. Nos. 93, 94.) On February 24, 2020, plaintiff filed a motion for reconsideration on various decisions the court had made. (Doc. No. 95.) On March 5, 2020, defendants Thomas Moore, Jr., David Alatary, and Jose Castaneda Correa—all senior staff members at the penitentiary—opposed the motion for reconsideration. (Doc. No. 97.)

"[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time proscribed by that rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Rule 59(e) proscribes that such

1

motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff constructively filed the instant motion for reconsideration on February 2, 2020, within twenty-eight days of the entry of judgment, and so the court construes the motion under Rule 59(e).[1] *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) ("A 'timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).'").

Plaintiff asks the court to reconsider two issues the court had decided against him. (Doc. No. 95 at 1-2.) The first issue is plaintiff's request to afford him access to court by appointing him counsel, a free copy of deposition transcript, and waiver of deposition fees, which the court denied seven times on February 7 and September 21, 2018; May 29, September 10, October 8, and November 15, 2019; and January 7, 2020. (Doc. Nos. 16, 35, 63, 72, 76, 80, 91.) The second issue is plaintiff's request to file a second amended complaint, which the court twice denied on June 3, 2019 and January 18, 2020. (Doc. Nos. 66, 93.) Plaintiff's two-page motion for reconsideration raises the same arguments the court had previously addressed and rejected. More precisely, plaintiff argues that the court should grant him leave to file a second amended complaint because "pleadings must be viewed more [liberally]" and it is in the interest of "judicial economy." (Doc. No. 95 at 1 (alteration in original); *but see* Doc. No. 55 at 2-3 (recommending to deny plaintiff's motion for leave to amend because plaintiff had failed to establish good cause and to satisfy certain procedural requirements).) Plaintiff also argues that in order for him to have "meaningful access to courts," he must be afforded representation of counsel to sue defendants and waiver of costs to the deposition transcripts and to the deposition of witnesses. (Doc. No. 95 at 1-2; *but see* Doc. No. 91 at 3 (holding that plaintiff "does not have a constitutional right to appointed counsel in this action," and that there are no exceptional circumstances here justifying such appointment under 28 U.S.C. § 1915(e)(1)).)

Reconsideration under Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has held:

---

[1] Defendants also agree that the motion for reconsideration should be construed under Rule 59(e). (Doc. No. 97 at 3.)

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). The arguments raised in plaintiff's motion for reconsideration do not fall within any of the four grounds to justify granting reconsideration.

Instead, plaintiff is using the motion for reconsideration to do what the Supreme Court has held to be prohibited under Rule 59(e): "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Mere disagreement with the court's prior rulings provides no basis to grant a motion to amend or alter the judgment. *See Kilgore v. Colvin*, No. 2:12-CV-1792 CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."); cf. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2011) ("To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.").

For the foregoing reasons, plaintiff's motion for reconsideration (Doc. No. 95) under Rule 59(e) is denied.

IT IS SO ORDERED.

Dated: **March 27, 2020**

_____
UNITED STATES DISTRICT JUDGE